# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

## WESTERN DIVISION

**NATHANIEL HAKE**  Case No.

4919 Wolverton Rd.

Eaton, Ohio 45320

**NATHAN HAKE FARMS, LLC.**

4919 Wolverton Rd.

Eaton, Ohio 45320

**WHEEL POLISHING PROS, LLC**

4919 Wolverton Rd.

Eaton, Ohio 45320

Plaintiffs,

v.

**SHERIFF MICHAEL SIMPSON**
**Sued in both his individual and official capacities**
Preble County, Ohio Sheriff's Office
1139 Preble Drive,
Eaton, OH 45320.

**DEPUTY MICHAEL SPITLER**
**Sued in both his individual and official capacities**
Preble County, Ohio Sheriff's Office
1139 Preble Drive,
Eaton, OH 45320.

**DEPUTY PAUL PLAUGHER**
**Sued in both his individual and official capacities**
Preble County, Ohio Sheriff's Office
1139 Preble Drive,
Eaton, OH 45320

**DEPUTY RAYMOND HATFIELD**
**Sued in both his individual and official capacities**
Preble County, Ohio Sheriff's Office
1139 Preble Drive,
Eaton, OH 45320

**RANDY JOHNSON**
**Sued in his individual capacity**
3200 Swain Rd.
Eaton OH 45320

**PAMELA JOHNSON**
**Sued in her individual capacity**
3200 Swain Rd.
Eaton OH 45320

**GLEN BLACKER**
**Sued in his individual capacity**
4415 West Florence-Campbellstown Rd.
Eaton, OH 45320

**JAMES C ELLIS**
**Sued in his individual capacity**
1200 Talbot Tower 131 N Ludlow St.
Dayton Ohio 45402

**NOBLE OPPORTUNITY FUND II, LP**
**Sued in its individual and corporate capacities**
1817 Olde Homestead Lane, Suite 101
Lancaster, PA. 17601

**GREENWICH INVESTORS XLVIII TRUST 2014-1**
**Sued in its individual and corporate capacities**
WMD Asset Management, LLC.
6279 Dupont Station Court
Jacksonville, FL. 32217

**LCNB BANK**
**Sued in its individual and corporate capacities**
2 N. Broadway
Lebanon, OH 45036

**JEFF MEEKER**
2 N. Broadway
Lebanon, OH 45036

**MARK FLORENCE**
Kaufman and Florence Attorneys at law
P.O. Box 280
44 East Mulberry Street
Lebanon, OH. 45036

    Defendants                      **COMPLAINT**

Plaintiffs, Nathaniel Hake, Nathan Hake Farms, LLC and Wheel Polishing Pros, LLC., through their attorney state as follows:

## Jurisdiction

1. This action is brought pursuant to 42 U. S. C. §§1983, 1985 and 1988 and the Fifth and Fourteenth Amendments to the United States Constitution, 11 U.S.C. §§362 and 1201 and, 15 U.S.C. §1692. Jurisdiction is founded on 28 U. S. C. §§1331 and 1341(3) and (4) and 1343 and the aforementioned constitutional and statutory provisions. The declaratory and injunctive relief sought is authorized by 28 U. S. C. §§ 2201 and 2202, 42 U.S.C. §1983 and Rule 57 Federal Rules of Civil Procedure. Additionally, the Plaintiffs invoke this Court's supplemental jurisdiction, pursuant to 28 U. S. C.§1367(a), of state causes of action included herein since they are involved in the facts, law and issues of this matter.

## Parties

2. Plaintiff Nathaniel Hake is a Citizen of the United States and at all times alleged herein was a resident of Preble County. Ohio.

3.Plaintiff Nathan Hake Farms, LLC., is a limited liability corporation registered in the State of Ohio,

4.Plaintiff Wheel Polishing Pros, LLC., is a limited liability corporation registered in the State of Ohio,

5. Defendant Michael Simpson is and at all times alleged herein was the Sheriff of Preble County, Ohio, and is being sued in both his official and her individual capacities,

6. Defendant Michael Spitler is and at all times alleged herein was a deputy of the Sheriff of Preble County,  Ohio, and is being sued in both his official and her individual capacities,

7.  Paul Plaugher is and at all times alleged herein was a deputy of the Sheriff of Preble County, Ohio, and is being sued in both his official and her individual capacities,

8. Raymond Hatfield is and at all times alleged herein was a deputy of the Sheriff of Preble County, Ohio, and is being sued in both his official and her individual capacities,

9. Defendant Randy Johnson is a Citizen of the United States and at all times alleged herein was a resident of Preble County. Ohio.

10. Defendant Pamela Johnson is a Citizen of the United States and at all times alleged herein was a resident of Preble County. Ohio.

11. Defendant Glen Blacker is a Citizen of the United States and at all times alleged herein was a resident of Preble County. Ohio.

12. Defendant James C. Ellis is a Citizen of the United States and at all times alleged herein was the attorney for Defendants Noble Opportunity Fund II, LP. and Greenwich engaged in debt collection,

13. Defendant Mark Florence is a Citizen of the United States and at all times alleged herein was the attorney for Defendant LCNB Bank engaged in debt collection for the bank,

14. Defendant Noble Opportunity Fund II, LP.is a corporation doing business in the State of Ohio, its statutory agent is CT Corporation System, 4400 East Commons Way, Suite 125, Columbus Ohio 43219

15. Defendant Greenwich is a corporation doing business in the State of Ohio, its statutory agent is CT Corporation System, 4400 East Commons Way, Suite 125, Columbus Ohio 43219

16. Defendant LCNB Bank.is a corporation doing business and whose main office is in the State of Ohio,

17. Defendant Jeff Meeker is and at all times herein an LCNB National Bank Officer.

**First Cause of Action: Deprivation of Constitutional Rights Due Process of Law**

18. Plaintiff repeats paragraphs 1 through 13 as if fully rewritten herein

19. Plaintiff Nathan Hake (hereinafter "Hake") is the owner of four properties located in Preble County, Ohio:

a. 0 Wolverton Road, Eaton, Ohio 45320

b. 4919 Wolverton Road, Eaton, Ohio 45320

c. 8392 Crawfordsville Campbellstown Road, Eaton, Ohio 45320

d. 0 Crawfordsville Campbellstown Road, Eaton, Ohio 45320

20. Hake took loans from Defendant LCNB (formerly Eaton National Bank) which were listed as amounts owed and unpaid in a Judgment and Decree for Sale filed in the Common Pleas Court of Preble County, Ohio on December 29, 2014, these amounts were as follows:

a. $677,624.75,

b. $107,976.61

c. $187,999.86

d. $209,637.81

e. $16,429.09

f. $423,319.53

21. All loans were alleged to be taken by Hake and his former wife.

22. Plaintiff Nathan Hake Farms, LLC. was a co-debtor on the final loan of $423,319.53.

23. The December 29, 2014 Judgment and Decree of Sale ordered the sale of the properties listed in para. 19 to satisfy the debts listed in para. 20 although the action was commenced with an unsigned complaint contrary to Ohio law.

24. The $423,319.53 debt derives from a loan alleged to have been made on May 3, 2013.

25. In an Affidavit signed by Matthew P. Layer, Executive Vice-President of Defendant LCNB, September 30, 2015, the alleged debt of $423,319.53 derived from a loan of $410,000.00 which

was a refinancing of the original loan of $590,000.00 that appears as the $677,624.75 in the Judgment and Decree of Sale.

26. Layer's Affidavit states that this note was lost and unavailable.

27. The inability of Defendants LCNB, Greenwich and Noble did not become known to the Plaintiffs until Layer's affidavit was provided in discovery in Plaintiff Hake's bankruptcy proceedings on September 17, 2017.

28. The Preble County Common Pleas Court issued a Judgment on December 29, 2014 in which it double-counted the original loan represented by the $677,624.75 amount and the $423,319.53 that represents the refinancing of this original loan, according to Layer's affidavit, and for which the Note cannot be produced.

29, During March, 2015, Defendants LCNB aided by their attorney Defendant Mark Florence, attempting to collect on these alleged debts, and Defendants Sheriff Simpson and Deputies Paul Plaugher and Raymond Hatfield took farm equipment including tools and a tractor belonging to Plaintiffs Nathan Hake Farms, LLC and Wheel Polishing Pros, LLC, Defendants LCNB and Florence subsequently failing to appear for a required replevin hearing, but retaining the property without the note for the debt, contrary to 15 U.S.C. §1692.

30. Defendant Jeff Meeker, an LCNB National Bank Officer drove Nathan Hake Farms LLC Tractor, a 2013 Case IH Magnum 290 to the bank and chained it to a telephone pole, after filling it with diesel fuel, of which the tractor and the fuel were not on the list of items to be taken by sheriff, and no judgment against LLC. Contrary to 15 U.S.C. §1692.

31. Plaintiff Hake filed for bankruptcy on March 26, 2015 under Chapter 11, 3:15-bk-30933, and a stay was issued,

32. This bankruptcy case was dismissed on April 9, 2015,

33. On April 10, 2015 Hake filed a bankruptcy farm petition under Chapter 12, 3:15-bk-31131, and a stay was issued,

34. This case was dismissed on November 18, 2016,

35. Hake then re-filed his Chapter 12 action on April 4, 2017, 3:17-bk-31079, and a stay was issued,

36. This case was dismissed on April 19, 2017,

37. Hake's then wife filed pro se under Chapter 7 on April 20, 2017, 3:17-bk-31277 and a stay was issued,

38.  This case was dismissed on July 18, 2017,

39. Due to an error in Hake's ex-wife's pro se filing her attorney filed a subsequent Chapter 7 case for her on May 4, 2017, 3:17-bk-31454 and a stay was issued.

40. On an agreed entry permitting the sale of the real property was entered in this case on June 5, 2017,

41. This Chapter 7 case remains pending.

42. On August 24, 2017, Hake again filed for Chapter 12 relief 3:17-bk-32696 and a stay was issued,

43. This case was dismissed on October 5, 2017,

44. Plaintiff Nathan Hake Farms, LLC filed for Chapter 12 relief on November 25, 2017, 3:17-bk-33681 and an explicit stay was issued by the Bankruptcy Court and served upon Defendant Noble.

45. This case remains pending.

46. Nonetheless, Defendant Noble, through its attorney, Defendant Ellis, attempting to collect on these debts, having been served with this stay and, including a copy of said stay, filed to execute on the properties of the Plaintiffs Hake and co-debtor Nathan Hake Farms, LLC, on November 27, 2017 contrary to 11 U.S.C. §§362 and 1201 and, 15 U.S.C. §1692..

47. Notwithstanding being advised of this stay, the Preble County Common Pleas Court ordered the sale of these properties by Defendant Sheriff Simpson on December 22, 2017.

48. Defendant Simpson has also begun to harvest Plaintiffs' crops, contrary to 11 U.S.C. §§362 and 1201 and, 15 U.S.C. §1692.

49. Defendant Simpson was aware of this stay and his Chief Deputy Michael Spitler discussed it with Hake by telephone on December 2, 2017 stating that he would proceed with the harvesting because Defendant Ellis had told him to do so, contrary to 11 U.S.C. §§362 and 1201 and, 15 U.S.C. §1692.

50. An order permitting the harvesting of Plaintiffs' crops was granted on November 13, 2017 although the Common Pleas Court acknowledged the imminent filing of Plaintiff LLC's filing of its Chapter 12 petition, which resulted in the November 25, 2017,

51. Defendant Randy Johnson cut the crops for Noble, although his wife Defendant Pamela Johnson was served with the stay on November 25, 2017 at approximately 10 am, by Steven R

Moore, Statutory agent for Nathan Hake Farms LLC. Johnson after being served, continued to remove and deliver grain to BUNGE North America Morristown, Indiana on Monday November 27, 2017 at the direction of Defendant Ellis, prior to any further order by Judge Abruzzo. contrary to 11 U.S.C. §§362 and 1201 and, 15 U.S.C. §1692.

52. Defendant Glen Blacker owns Farm to East of Plaintiffs and rents his farm to Johnson. After Johnson was served, he removed combine (approx 250-300 bushels and tractor and auger cart (470 bushels) full of soybeans to Defendant Blacker's property and kept them there until Monday. Mr Blacker has also been assisting Defendant Randy Johnson with the harvest of beans, operation of equipment contrary to 11 U.S.C. §§362 and 1201 and, 15 U.S.C. §1692. He was informed of a Bankruptcy Stay on November 25, 2017 at 10:50 am via telephone.

53. Defendant Pamela Johnson was served on November 25, 2017 at approximately 10 am, by Steven R Moore, Statutory agent for Nathan Hake Farms LLC. She directly called Randy, her husband and informed him of the stay.

54. Accordingly, Defendants proceeded to deprive the Plaintiffs of both real and personal property by foreclosing upon and physically removing the Plaintiffs property without evidence of indebtedness which fact they concealed until September 15, 2017 and, in defiance of a stay issued by the Bankruptcy Court in violation of Plaintiffs' right to due process of law and contrary to 11 U.S.C. §§362 and 1201 and, 15 U.S.C. §1692.

55. WHEREFORE, Plaintiff Hake, Plaintiff Nathan Hake Farms, LLC. And Wheel Polishing Pros, LLC demand that the Defendants be held joint and severally liable for actual damages in the amount of $1,622,987.65 and $175,000.00 for harvested crops and $300,000.00 for illegally taken farm equipment and tools, and punitive damages in excess of $2,000,000.00 to be

determined by the trier of fact, and be subject to any and all appropriate injunctive and declaratory relief , plus costs and reasonable attorney's fees.

**Second Cause of Action: Conspiracy for Deprivation of Constitutional Rights**

56.  Plaintiff repeats paragraphs 1 through 55 as if fully rewritten herein,

57. Defendants Ellis, Noble, Simpson, Spitler, Randy Johnson, Pamela Johnson, Blackers, LCNB and Florence planned and acted in concert to deprive the Plaintiffs of their rights to due process of law and committed overt acts of concealment, fraudulent court filings, ignoring of an order of the Bankruptcy Court, conversion of property and trespass in furtherance of this conspiracy to obtain both real and personal property from the Plaintiffs.

58. WHEREFORE, Plaintiff Hake, Plaintiff Nathan Hake Farms, LLC. And Wheel Polishing Pros, LLC demand that the Defendants be held joint and severally liable for actual damages in the amount of $1,622,987.65 and $175,000.00 for harvested crops and $300,000.00 for illegally taken farm equipment and tools, and punitive damages in excess of $2,000,000.00 to be determined by the trier of fact, and be subject to any and all appropriate injunctive and declaratory relief , plus costs and reasonable attorney's fees.

**Third Cause of Action: Conversion**

59.  Plaintiff repeats paragraphs 1 through 58 as if fully rewritten herein,

60. Plaintiff Hake was the lawful owner of the real estate listed in para. 15 herein.

61. Plaintiffs Nathan Hake Farms, LLC and Wheel Polishing Pros. LLC were the lawful owners of the farm equipment listed in para. 25 herein.

62. Plaintiffs Hake and Nathan Hake Farms, LLC are the lawful owners of the crops harvested by Defendants Ellis, Noble, Simpson, Spitler, Randy Johnson, Pamela Johnson, Blackers,

63. Defendants converted the property referenced in paras. 51-52 to their own use.

64. WHEREFORE, Plaintiff Hake, Plaintiff Nathan Hake Farms, LLC. And Wheel Polishing Pros, LLC demand that the Defendants be held joint and severally liable for actual damages in the amount of $1,622,987.65 and $175,000.00 for harvested crops and $300,000.00 for illegally taken farm equipment and tools, and punitive damages in excess of $2,000,000.00 to be determined by the trier of fact, and be subject to any and all appropriate injunctive and declaratory relief, plus costs and reasonable attorney's fees.

**Third Cause of Action: Trespass**

65.  Plaintiff repeats paragraphs 1 through 64 as if fully rewritten herein,

66. Defendants Spitler, Randy Johnson, Pamela Johnson, Blackers, intentionally entered upon the premises of Plaintiff Hake to take farm equipment and crops knowing such action was in violation of a stay of the Bankruptcy Court and based upon concealment, misrepresentation and fraud in court filings.

67. WHEREFORE, Plaintiff Hake demand that the Defendants Spitler, Randy Johnson, Pamela Johnson, Blackers be held joint and severally liable for actual damages in the amount of $175,000.00 for harvested crops and $300,000.00 for illegally taken farm equipment and tools, and punitive damages in excess of $2,000,000.00 to be determined by the trier of fact, and be

subject to any and all appropriate injunctive and declaratory relief, plus costs and reasonable attorney's fees.

**Fourth Cause of Action: Fraud**

68. Plaintiff repeats paragraphs 1 through 67 as if fully rewritten herein,

69. Defendants LCNB, Greenwich, Noble, Florence and Ellis knew that they did not possess the Note for the loan for $410,000.00 which was to refinance the previous loan of $590,000.00 or were reckless in this regard and concealed this fact in order to mislead the court of common pleas and the bankruptcy court and the Plaintiffs so as to wrongfully take and/or convert their real and personal property.

70. WHEREFORE, Plaintiff Hake, Plaintiff Nathan Hake Farms, LLC. And Wheel Polishing Pros, LLC demand that the Defendants LCNB, Greenwich, Noble, Florence and Ellis be held joint and severally liable for actual damages in the amount of $1,622,987.65 and $175,000.00 for harvested crops and $300,000.00 for illegally taken farm equipment and tools, and punitive damages in excess of $2,000,000.00 to be determined by the trier of fact, and be subject to any and all appropriate injunctive and declaratory relief, plus costs and reasonable attorney's fees.

**Fifth Cause of Action: Civil Conspiracy**

71. Plaintiff repeats paragraphs 1 through 70 as if fully rewritten herein,

72. The Defendants maliciously combined and conspired to deprive the Plaintiffs of their real and personal property as described hereinbefore causing them to lose said property by committing the overt acts of concealment, fraudulent court filings, ignoring of an order of the

Bankruptcy Court, conversion of property and trespass in furtherance of this conspiracy to obtain both real and personal property from the Plaintiffs..

73. WHEREFORE, Plaintiff Hake, Plaintiff Nathan Hake Farms, LLC. And Wheel Polishing Pros, LLC demand that the Defendants be held joint and severally liable for actual damages in the amount of $1,622,987.65 and $175,000.00 for harvested crops and $300,000.00 for illegally taken farm equipment and tools, and punitive damages in excess of $2,000,000.00 to be determined by the trier of fact, and be subject to any and all appropriate injunctive and declaratory relief, plus costs and reasonable attorney's fees.

    Respectfully submitted,

    s/ George A. Katchmer
    Attorney at Law (0005031)
    1886 Brock Road N. E.
    Bloomingburg, Ohio 43106
    (740) 437-6071
    (740) 437-6071 Facsimile