**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**Nathaniel William Hake, et al.,**

          *Plaintiffs*,

**v.**
                                               **Case No.: 3:17-cv-420**
                                               **Judge Thomas M. Rose**

**Sheriff Michael Simpson, et al.,**

          *Defendants.*

---

## SHOW CAUSE ORDER

---

Federal courts are courts of limited jurisdiction and there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America*, 4 U.S. 8, 10 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot*, 3 U.S. 382 (1798). Moreover, federal courts "have an independent duty 'to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction.'" *Kentucky Press Ass'n, Inc. v. Kentucky*, 454 F.3d 505, 508 (6th Cir. 2006) (quoting *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977)).

Federal Rule of Civil Procedure 8(a) provides in pertinent part, "a pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends...." Plaintiffs have pleaded:

> This action is brought pursuant to 42 U. S. C. §§1983, 1985 and 1988 and the Fifth and Fourteenth Amendments to the United States Constitution, 11 U.S.C. §§ 362 and 1201 and, 15 U.S.C. §1692. Jurisdiction is founded on 28 U. S. C. §§1331 and 1341(3)

and (4) and 1343 and the aforementioned constitutional and statutory provisions. The declaratory and injunctive relief sought is authorized by 28 U. S. C. §§ 2201 and 2202, 42 U.S.C. §1983 and Rule 57 Federal Rules of Civil Procedure. Additionally, the Plaintiffs invoke this Court's supplemental jurisdiction, pursuant to 28 U. S. C.§1367(a), of state causes of action included herein since they are involved in the facts, law and issues of this matter.

ECF 1, PageID 3 ¶ 1.

The Court notes initially, that 28 U.S. C. § 1341 dictates what "district courts shall not" do. It is difficult to construe this as a basis of jurisdiction. The cited bankruptcy provisions create stays on proceedings during the pendency of a bankruptcy action. The Court notes that in the bankruptcy action, *in re Nathan Hake Farms, LLC*, 3:17-bk-33681 (S.D. Ohio), a hearing is set for today, December 20, 2017, to determine the existence of a stay. ECF 37. While Plaintiffs' citations to 28 U.S.C. § 1343 are interesting, the Court sees nothing in the complaint that would allow one to conclude that civil rights were at issue, much less an argument for why they should overcome the automatic stay.

The Court being obliged to assure itself that it has a basis for jurisdiction and perceiving none, Plaintiffs are **ORDERED** to show cause by December 29, 2017 why the case should not be dismissed.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, December 20, 2017.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE