**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO**

**WESTERN DIVISION**

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO**

**WESTERN DIVISION**

**NATHANIEL HAKE , et al.**  Case No. 3:17-CV-420
Plaintiffs,

v.

**SHERIFF MICHAEL SIMPSON , et al.**

Defendants
.

**RESPONSE TO ORDER TO SHOW CAUSE**

Now come Plaintiffs through their attorney and respond to the Court's Show Cause Order as follows:

The Court questions the bases for jurisdiction in this case stating,

While Plaintiffs' citations to 28 U.S.C. § 1343 are interesting, the Court sees nothing in the complaint that would allow one to conclude that civil rights were at issue, much less an argument for why they should overcome the automatic stay.

This Court is quite correct in stating that there are no reasons for interfering with an automatic stay issued by the bankruptcy court in Case No. 3:17bk-33681, and herein this Court touches on the essential issue: the stay in this case was not interfered with by Plaintiffs, but was attacked in state court, a completely improper forum and the state court decision then used to avoid the Bankruptcy Court stay, as pled, all Defendants knew of the existence of this stay but

acted to knowingly circumvent it in an improper forum. Only after being threatened with contempt (e-mail from Attorney Brian Luzardi to Attorney James Ellis, December 4, 2017), the Defendants filed a motion to lift the stay in Bankruptcy Court, thus acknowledging the existence of the stay and their knowledge thereof when they proceeded in state court.

Candidly, a hearing was held concerning this stay in the U. S. Bankruptcy Court on November 20, 2017, and the Bankruptcy Court found in favor of the Defendants, finding that a co-debtor stay had not existed and dismissed this bankruptcy case.

It would, of course, be easy to now state that this matter is resolved and that it was resolved in its proper forum, the bankruptcy court. It would also be easy to state that no civil rights issues are involved since the law took its course in the proper forum. However, to do so would be to permit a retroactive decision to cure actions which at the time were committed in order to knowingly violate and circumvent due process of law, specifically the Bankruptcy Code (Hence the reference in the statement of jurisdiction to the Bankruptcy Code) and the history of such violations, as pleaded in the Complaint herein.

Plaintiffs understand this Court's concern about any conflict with the Bankruptcy Court. If this were simply a matter of bankruptcy proceedings, that would certainly be a valid concern. However, this Court would in no way be interfering with any decision of the Bankruptcy Court. This matter encompasses more than the proceedings in Bankruptcy Court.

Thus, Plaintiffs present a substantive due process claim. In order to succeed in a substantive due process claim under Section 1983, a plaintiff must first establish a protected property interest under the Fourteenth Amendment. *Independent Enterprises Inc. v. Pittsburgh Water and Sewer Authority*, 103 F.3d 1165, 1179-80 (3d Cir. 1997). Here we are talking about a

plaintiff's home and their means of livelihood. The Plaintiffs must also show that the Defendants violated the relevant standards for such takings and that such takings shock the conscience. *United Artists Theatre Circuit v. The Township of Warrington* 316 F. 3d 392 (3d Cir. 2003).

There is a pattern of evading due process from the beginning in Plaintiffs' cases. These actions were commenced with an unsigned complaint contrary to Ohio law (para.23). As in many cases since the real estate crash of 2008, the Defendants were unable to produce the Note in this matter and concealed this fact (paras. 25 – 27). Without the Note, the Defendants were able to double count the amount due (para. 28). The Defendants took property from non-parties to the debts and property not listed as security (paras. 29- 30). ***All of this was done under color of the state court and with the participation of state officers as pled in the Complaint herein.***

The knowing violation of, at the time at least, an existing stay and the cynical and opportunistic avoidance of the proper forum for the adjudication of this stay by going to an historically accommodating state court, is only the final act of a pattern of the denial of due process to the Plaintiffs by the Defendants.

So what recourse is there for the Plaintiffs? The land has been sold. The crops and equipment have been taken. The present action is the only forum for redress of a pattern ***involving both private and state actors*** in which the Plaintiffs were systematically and knowingly (The failure to provide a Note and the concealment of this fact and the avoidance of the obvious forum to lift a bankruptcy stay for an all too accommodating state court and state officers) denied and circumvented due process of law for the Plaintiffs. The state facilitated the taking of property from the Plaintiffs without due process of law. This matter thus transcends

both state law and the bankruptcy code. These things were but obstacles in the Defendants' paths. The Plaintiffs' civil rights have been violated. This Court should permit the Plaintiffs to present their claims. There will be litigation and motions filed by the parties and there will be dispositive motions. And the allegations involving his substantive due process claims will have to be proven. But the Plaintiffs will have the right to litigate the deprivation of their constitutional rights as pled and justice would have been served.

This Court raised the issue of jurisdiction. Jurisdiction is based upon a claim of deprivation of substantive due process rights by both state and private actors. This is an initial determination, not a trial on the merits or a dispositive motion. The issues raised are not those of concern or in conflict with the Bankruptcy Court. The pleadings do establish a claim for deprivation of due process of law and therefore confer jurisdiction on this Court.

WHEREFORE, Plaintiff requests this Court to retain jurisdiction of this matter under the Fifth and Fourteenth Amendments to the United States Constitution.

Respectfully submitted,

s/ George A. Katchmer
GEORGE A. KATCHMER
Attorney at Law
1886 Brock Road N.E.
Bloomingburg, Ohio 43106
740-437-6071
740-437-6077
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served upon the Defendants via electronic notification by the Clerk of Courts this day of filing.

/s/George A. Katchmer

Attorney for Plaintiffs
