**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**Nathaniel William Hake, et al.,**

        *Plaintiffs*,

v.                                       Case No.: 3:17-cv-420

                                                         Judge Thomas M. Rose

**Sheriff Michael Simpson, et al.,**

        *Defendants.*

___

**ENTRY AND ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM BY DEFENDANTS GLEN BLACKER, JAMES C. ELLIS, PAMELA JOHNSON, RANDY JOHNSON AND NOBLE OPPORTUNITY FUND II, LP, ECF 27, MOTION FOR JUDGMENT ON THE PLEADINGS MOTION BY DEFENDANT MARK FLORENCE, ECF 35, AND MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS RAYMOND HATFIELD, PAUL PLAUGHER, MICHAEL SIMPSON AND MICHAEL SPITLER, ECF 37, MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS LCNB BANK AND JEFF MEEKER, ECF 39, AND TERMINATING CASE.**

___

Pending before the Court are Motion to Dismiss for Failure to State a Claim by Defendants Glen Blacker, James C. Ellis, Pamela Johnson, Randy Johnson and Noble Opportunity Fund II, LP, ECF 27, Motion for Judgment on the Pleadings by Defendant Mark Florence, ECF 35, Motion for Judgment on the Pleadings by Defendants Raymond Hatfield, Paul Plaugher, Michael Simpson, and Michael Spitler, ECF 37, and Motion for Judgment on the Pleadings by Defendants LCNB Bank and Jeff Meeker. ECF 39. Because Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, claim preclusion and failure to state a claim, the motions will be granted.

    **I.**     **Background**

In 2014, Defendant LCNB Bank filed an action in the Preble County, Ohio Court of Common Pleas to foreclose on mortgages and collect on six promissory notes executed by Plaintiff Nathaniel William Hake ("Hake"), Plaintiff Nathan Hake Farms, LLC, and Amy L. Hake. LCNB was the corporate successor to the original creditor notes. Id. at ¶ 1. On December 16, 2014, the state court entered summary judgment in favor of LCNB, and on December 29, 2014, the Court of Common Pleas' Judgment Entry and Decree of Foreclosure followed.

What follows describes an abandoned appeal, an unsuccessful Motion to Vacate, a Motion to Reconsider, this action, and seven separate petitions in bankruptcy that were each dismissed, filed to avoid the consequences of the December 29, 2014 Judgment Entry and Decree for Sale.

On January 5, 2015, Hake appealed the December 29, 2014 Judgment Entry and Decree for Sale. ECF 27-1 at 10. On March 26, 2015, Hake filed a bankruptcy petition in 3:15-bk-30933. ECF 1, ¶ 31. On March 27, 2015, the state court stayed all proceedings. Id. On April 9, 2015, bankruptcy action 3:15-bk-30933 was dismissed. ECF 1, ¶ 32.

LCNB sold its interest in the notes, mortgages and other collateral documents to Defendant Greenwich Investors XLVIII Trust 2014-1.

On April 10, 2015, Nathaniel Hake filed a bankruptcy petition in 3:15-bk-31131. ECF 1, ¶ 33. On August 13, 2015, Hake's appeal of the December 29, 2014 Judgment Entry and Decree for Sale was dismissed with prejudice for failure to prosecute. ECF 27-12. On July 7, 2016, Greenwich obtained relief from stay and the Bankruptcy Court dismissed Hake's bankruptcy. ECF 27 Ex. A-4. On November 18, 2016, bankruptcy action 3:15-bk-31131 was dismissed. ECF 1, ¶ 34.

Greenwich eventually sold its interest in the notes, mortgages, and other collateral documents to Defendant Noble Opportunity Fund II, LP and on January 13, 2017, Noble filed a motion to reactivate the case and be substituted as the party plaintiff. ECF 27 Ex. A-4.

On January 18, 2017, the Preble County court issued an Order reactivating the foreclosure action on its docket and substituting Noble Opportunity Fund II, LP for LCNB National Bank as the plaintiff therein. ECF 27-1 at 16. On March 2, 2017, the Preble County court issued Orders of Sale and related Praecipes for the real property at 0 and 8392 Crawfordsville-Campbellstown Rd. and 0 Wolverton Rd. ECF 27-1 at 16.

On April 4, 2017, Nathaniel Hake filed a bankruptcy petition in 3:17-bk-31079. ECF 1, ¶ 35. On April 11, 2017, Hake gave the state court notice that he filed another bankruptcy. On April 19, 2017, bankruptcy action 3:17-bk-31079 was dismissed, ECF 1, ¶ 36, and on April 20, 2017, the Preble County court reactivated the foreclosure action again. ECF 27-1 at 17.

On the same date, April 20, 2017, Amy Hake, Nathaniel Hake's then-wife, filed a bankruptcy petition in 3:17-bk-31277. ECF 1, ¶ 37, ECF 27 Ex. A. This case would be dismissed on July 18, 2017, for failure to file information. ECF 1, ¶ 38; 3:17-bk-31277 (docket).

On May 4, 2017, Ms. Hake refiled her other bankruptcy petition, 3:17-bk-31454. ECF 1, ¶ 39. On June 5, 2017, the stay in bankruptcy action 3:17-bk-31454 was lifted as to Noble, ECF 1, ¶ 40, and on June 26, 2017, the state court reactivated the foreclosure. ECF 27 Ex. A, ECF 27-1 at 17.

On July 6, 2017, the Preble County court issued Orders of Sale and related Praecipes for the real property at 0 and 8392 Crawfordsville-Campbellstown Rd. and 0 Wolverton Rd. ECF 27-

1 at 17. On August 14, 2017, two Notices of Sheriff's Sale were filed in the Preble County Common Pleas Court. ECF 27-1 at 18.

On August 24, 2017, Nathaniel Hake filed a bankruptcy petition in 3:17-bk-32696. ECF 1, ¶ 42. On October 5, 2017, bankruptcy action 3:17-bk-32696 was dismissed, ECF 1, ¶ 43.

On October 11, 2017, the Preble County court reactivated the foreclosure action again. ECF 27-1 at 18. On October 19, 2017, a Praecipe for Writ of Execution and Order of Possession were filed in the Preble County court foreclosure action. ECF 27-1 at 18. Therein, the Preble County Sheriff was "directed to execute upon and take possession of" crops at 0 Wolverton Rd. and 0 and 8392 Crawfordsville-Campbellstown Rd. ECF 27-6. On the same date, October 19, 2017, the Preble County court issued Orders of Sale and related Praecipes for the real property at 0 and 8392 Crawfordsville-Campbellstown Rd. and 0 Wolverton Rd. ECF 27-1 at 18. On October 23, 2017, the Preble County court issued Orders of Sale for the real property at 0 and 8392 Crawfordsville-Campbellstown Rd. and 0 Wolverton Rd. ECF 27-1 at 19.

On October 25, 2017, Nathaniel Hake filed a Motion for Stay of Order of Possession. ECF 27-1 at 19. On October 30, 2017, the Preble County court scheduled Nathaniel Hake's Motion for Stay for hearing on November 2, 2017, ordering that no crops be harvested in the interim. ECF 27-1 at 20. On November 3, 2017, Nathaniel Hake filed a Civ. R. 60(B) Motion asking the Preble County court to vacate its December 29, 2014 Judgment Entry and Decree for Sale. ECF 34-1 and 35-1. On November 13, 2017, the Preble County court issued a Decision and Entry denying Nathaniel Hake's Civ. R. 60(B) Motion. ECF 27-8 and 35-2.

On November 13, 2017, the state court denied Hake's "Motion to Vacate a Voidable Judgment Under Civil Rule 60(b), 60(c) and 60(d) and Set Aside Judgment Under Civil Rule 55(b)

and Other Relief by Vacating Judgment and Decree for Sale and Dismiss Complaint for Foreclosure under Ohio Civil Rule of Procedure 11 and the 14th Amendment to the United States Constitution." ECF 27-7.  The court held that the motion was untimely, rejected Hake's Civ. R. 11 claim that LCNB's original complaint was not signed and that Hake had not been afforded due process, noting that – after review of the case files – Hake had been given every opportunity to defend against the allegations in the complaint, appeal the judgment, or otherwise attempt to avoid execution. Id.  "Simply stated, the Fourteenth Amendment claim has no merit." Id.

The November 13, 2017 entry ordered the Sheriff to execute on the crops.  The state court specifically authorized Noble and its designees to harvest the crops, transport, market and sell them. Id.

On November 20, 2017, Nathaniel Hake moved the Preble County court for reconsideration of its November 13, 2017 Decision and Entry denying him Civ. R. 60(B) relief. ECF 27-1 at 22.  On the same date, November 20, 2017, the Preble County court denied Nathaniel Hake's Motion for Reconsideration. ECF 27-1 at 22.

On November 25, 2017, Nathan Hake Farms, LLC filed a bankruptcy petition in 3:17-bk-33681. ECF 1, ¶ 44, ECF 27-10, Ex. B.  On November 27, 2017, Noble moved the Preble County court for an order finding that the bankruptcy action filed by Nathan Hake Farms did not operate as a stay of the matters before it. ECF 27-1 at 22.  On November 28, 2017, the state court issued an entry finding that Nathan Hake Farms' bankruptcy did not operate as a stay against the harvesting and sale of crops.  ECF 27-9, Ex. A-8.  The court reasoned that Nathan Hake Farms had no interest in the crops, that Hake's request for a stay was improper because a Chapter 12 co-debtor stay only applies to consumer debts and the debt owed by Nathan Hake Farms was not such

5

a debt. Id. The Sheriff notified the state court that the harvesting of crops was completed on December 11, 2017. ECF 27 Ex. A.

On December 13, 2017, Notices of Sheriff's Sale were filed in the Preble County action regarding the real property at 0 and 8392 Crawfordsville-Campbellstown Rd. and 0 Wolverton Rd. ECF 27-1 at 25.

On December 12, 2017, Plaintiffs filed this action asserting that the Noble Defendants violated their constitutional rights, and committed conversion, trespass, fraud, and civil conspiracy because, in supposed violation of a stay issued by the United States Bankruptcy Court for the Southern District of Ohio, the Noble Defendants executed orders of the Preble County, Ohio, Court of Common Pleas to harvest crops from Hake's land. ECF 1, ¶¶ 1, 23, 25-26, 28-30, 47, 50, 57, 62, 66, 72. The Complaint also claims that the original creditor on one of the notes, LCNB, fraudulently concealed from the state court that LCNB did not have possession of the promissory note for one of the loans, and that Noble and Defendant Mark Ellis are liable for conspiracy by accepting an assignment of the judgment entered on the note and executing on the judgment. Id. at ¶ 69.

On December 19, 2017, Nathan Hake Farms also filed a motion in the Bankruptcy Court to hold the Noble Defendants in contempt for violating the co-debtor stay. ECF27-10 Ex. B. The Bankruptcy Court also held the co-debtor stay did not apply.

On December 21, 2017, the United States Bankruptcy Court issued an Order that dismissed bankruptcy action 3:17-bk-33681. ECF 27-11. The Order states, "the court finds that no co-debtor stay under 11 U.S.C. § 1201 existed to stay any actions taken by Noble in the state foreclosure case, Preble County Common Pleas Court, Case 14-CV-030268, during this

bankruptcy case, including the seizure of the harvested crops and foreclosure upon the real estate on Wolverton Road and Crawfordsville-Campbellstown Road, Eaton, Ohio." Id. at p. 2.

On December 22, 2017, Nathaniel Hake filed a Motion to Stay the December 22, 2017 Sheriff's Sale and all other actions in the case. ECF 27-1 at 25. On the same date, December 22, 2017, the Orders of Sale were returned and filed for 0 and 8392 Crawfordsville-Campbellstown Rd. and 0 Wolverton Rd., indicating that pursuant to October 2017 writs, the properties were sold on December 22, 2017 to Noble. ECF 27-1 at 25. On January 29, 2018, the Preble County court entered Journal Entries confirming the sales of 0 and 8392 Crawfordsville-Campbellstown Rd. and 0 Wolverton Rd. and ordering the deeds and distribution of sale proceeds. ECF 27-1 at 27.

## II.     Standard of Review

Federal Rules of Civil Procedure provide that, "after the pleadings are closed but within such time as not to delay the trial any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard as is applied to a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A court grants a motion under Rule 12(c) when the movant has clearly established that there remains no genuine issue of material fact, and that, as a matter of law, the movant is entitled to judgment. *JP Morgan Chase, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

When ruling on such a motion, a court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Delaware River Port Authority v. Home Ins. Co.*, 1993 U.S. Dist. LEXIS 6749, at *3 (E.D. Pa. 1993). As such, the court must take as true the allegations of the pleadings of the non-movant;

7

conversely, "all contravening assertions in the movant's pleadings are taken to be false." *Melton v. Bd. of Cnty. Comm'rs of Hamilton Cnty., Ohio*, 267 F. Supp. 2d 859, 862 (S.D. Ohio 2003). Yet, a "court need not accept as true [the non-movant's] legal conclusions or unwarranted factual inferences." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998). Judgment on the pleadings is appropriate when "the plaintiff can undoubtedly prove no set of facts in support of the claims that would entitle relief." *E.E.O.C v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001); see also *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In ruling on a motion to dismiss, a court can consider: (1) any documents attached, incorporated by or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice. *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 924-25 (N.D. Ohio 2009); *New Eng. Health Care Emples. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003); *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999); see also Fed. R. Civ. P. 10(c). "This includes public records and government documents available from reliable sources on the Internet." *Total Benefits Planning Agency Inc. v. Anthem Blue Cross & Blue Shield*, 630 F. Supp. 2d 842, 849 (S.D. Ohio 2007) (citations omitted).

**III. Analysis**

The motions before the Court would have the Court dismiss all claims as barred by the *Rooker-Feldman* doctrine and *res judicata*. Originating in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), the *Rooker-Feldman* doctrine is based on the principle that "federal trial courts have

only original subject matter, and not appellate, jurisdiction. Those courts . . . may not entertain appellate review of a state court judgment." *In re Johnson*, 210 B.R. 1004, 1006 (Bankr. W.D. Tenn. 1997); *Westerfeld v. First Horizon Home Loans*, Case No. 5:10-cv-896, 2010 U.S. Dist. LEXIS 46016, *4-5 (N.D. Ohio, May 7, 2010) ("Under this principle, generally referred to as the *Rooker-Feldman* Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights.").

The Complaint alleges that the foreclosure complaint was unsigned in violation of Ohio law. Complaint, ¶ 22. It further contends that the note was lost, and that Noble fraudulently concealed that fact in an effort to "wrongfully take and/or convert [Plaintiffs'] real or personal property." Id. at ¶¶ 25, 69. It alleges that the Noble and several of its employees violated Plaintiffs' constitutional rights by violating a Bankruptcy stay, even though the Noble Defendants were acting under the authority of the State Court. Id. at ¶ 54.

Plaintiffs have already made each of these arguments in their Motion to Vacate a Voidable Judgment in the state Court action. Because every claim in the Complaint would, in effect, overturn the orders of the state court, and since this Court has no subject matter jurisdiction to grant that relief, the Complaint will be dismissed. *In re Johnson*, 210 B.R. at 1006; *Westerfeld*, 2010 U.S. Dist. LEXIS 46016 at *4-5.

Alternatively, under 28 U.S.C. § 1738, this Court is required to afford a decision of a state court full faith and credit. To do so, a court determines the preclusive effect of a decision under state law and applies it accordingly. *Corzin v. Fordu*, 201 F.3d 693, 703 (6th Cir. 1999), citing *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 384 (1985).

In Ohio, *res judicata* involves both claim preclusion and issue preclusion. *Grava v. Parkman Township*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). Under claim preclusion, a valid, final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 378, 2004-Ohio-1496, 805 N.E.2d 1089. Claim preclusion not only bars claims and defenses that were actually brought in the prior action, but also those that were part of the same transaction or occurrence that could have been brought. *Grava*, 73 Ohio St.3d at 382; *Kocinski v. Reynolds*, 6th Dist. Lucas No. L-99-1318, 2000 Ohio App. LEXIS 3595, *4 (Aug. 11, 2000). "Transaction" is defined as a "common nucleus of operative facts." *Grava*, 73 Ohio St. at 382.

*Res judicata* precludes challenges that a judgment was allegedly obtained by fraudulent means. *Kline v. Mortgage Elec. Sec. Sys.*, No. 3:08cv408, 2011 U.S. Dist. LEXIS 30821, *13 (S.D. Ohio Feb. 16, 2011) ("If a plaintiff 'believes [that a] Common Pleas judgment was obtained by fraud on that court, [his] remedy is by way of a motion for relief from judgment under Ohio R. Civ. P 60(B), not by way of a collateral attack on that court's judgment.'"), *quoting Thyne v. GMAC Mortg. Corp.*, No. 3:09-cv-377, 2010 U.S. Dist. LEXIS 89591, *12 (S.D. Ohio Aug. 3, 2010).

"Issue preclusion . . . serves to prevent re-litigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies" and "applies even if the causes of action differ." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 7; *In re Fordu*, 201 F.3d at 703. Issue preclusion requires: "(1) the party against whom collateral estoppel is sought was a party – or in privity with

a party – in the previous action; (2) there was a final judgment on the merits in the previous action after a full and fair opportunity to litigate the issue; (3) the issue was actually and directly litigated in the previous action and was necessary to the final judgment; and (4) the issue in the present action is identical to the issue involved in the previous action." *Sanderson Farms, Inc. v. Gasbarro*, 299 F. App'x 499, 505 (6th Cir. 2008) (unpublished); *Sill v. Sweeney* (*In re Sweeney*), 276 B.R. 186, 189 (6th Cir. BAP 2002) (citations omitted). Along with claim preclusion, collateral estoppel operates to uphold the past determinations of issues and claims by courts, preserving resources, promoting judicial economy and reducing the possibility of inconsistent decisions. *Montana v. United States*, 440 U.S. 147 (1979).

Thus, the complaint is barred by claim preclusion. The Preble County Court of Common Pleas granted LCNB summary judgment and issued a judgment entry and decree of foreclosure, determined that challenges to the judgments had no merit, and that any challenges to execution were not barred by the bankruptcies, and rejected allegations of due process violations and fraud, including allegations that LCNB filed a complaint for foreclosure that lacked a signature. ECF 27 Exs. A-2, A-3 and A-8. Plaintiffs are precluded by *res judicata* from re-litigating their defenses in the state court action as claims in this case. *Kline*, 2011 U.S. Dist. LEXIS 30821 at *13; *Thyne*, 2010 U.S. Dist. LEXIS 89591 at *12.

Plaintiffs do not challenge the assertion that all of this has been litigated in State court, instead insisting that "Defendants' argument fails since there is no request in the Plaintiffs' complaint to overturn or reverse the state court's judgment." ECF 32, PageID 420. "This is a violation of federal bankruptcy law, not state law to deprive the Plaintiffs of constitutional rights and, as such, state appellate review cannot address the federal violation." There is, however, no

reason Plaintiffs could not have vindicated their federal rights in state court. There, far from having been deprived of due process, Plaintiffs were afforded a superabundance of process. "The cost of proceeding court by court until the federal right is vindicated is great." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 845 (1966).

While barred, the Court will further address the charge that Defendants Michael Simpson, Michael Spitler, Paul Plaugher, and Raymond Hatfield of the Preble County Sheriff's Department violated the Fair Debt Collection Practices Act or FDCPA. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The FDCPA defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). See also, *Phillips v. PNC Bank, NA*, No. 3:12-CV-207, 2012 WL 6114743, *3 (S.D. Ohio Dec. 10, 2012). The FDCPA only applies to consumer debt, that is debt that arises out of a transaction in which the money borrowed was used primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5). Also as statutorily defined, the term "debt collector" expressly "does not include * * * * any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties[.]" 15 U.S.C § 1692a(6)(C). For purposes of this exception, "'[s]tate' means any State, territory, or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or any political subdivision of any of the foregoing." 15 U.S.C. § 1692a(8). Thus, both

because the FDCPA does not apply where the debt was not consumer debt and because it does not apply to state actors, it does not apply here.

Because Plaintiff's claims are barred by *Rooker-Feldman,* claim preclusion and failure to state a claim, the Court **GRANTS** Motion to Dismiss for Failure to State a Claim by Defendant Glen Blacker, James C. Ellis, Pamela Johnson, Randy Johnson and Noble Opportunity Fund II, LP, ECF 27, Motion for Judgment on the Pleadings by Defendant Mark Florence, ECF 35, and Motion for Judgment on the Pleadings by Defendants Raymond Hatfield, Paul Plaugher, Michael Simpson and Michael Spitler, ECF 37, and Motion for Judgment on the Pleadings by Defendants LCNB Bank and Jeff Meeker. ECF 39, and **TERMINATES** the instant case from the dockets of the United States District Court, Southern District of Ohio, Western Division at Dayton.

**DONE** and **ORDERED** this Monday, August 20, 2018.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE